IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 12 C 9309 |
| ELECTROLUX HOME PRODUCTS, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

On February 1, 2013 this Court denied the motion of Electrolux Home Products, Inc. ("Electrolux") asking that it be allowed to hold off on answering a portion of the claims brought against it by American Family Mutual Insurance Company ("American Family") during the time that Electrolux's partial motion to dismiss the balance of those claims was under consideration. When Electrolux then filed its Partial Answer and Affirmative Defenses ("ADs") on February 15 as this Court had ordered, that pleading failed to comply with this District Court's LR 5.2(f) that mandates delivery of a paper copy of every electronically filed document to this Court's chambers. In turn a followup request by this Court's courtroom deputy resulted in the belated delivery of two copies of the responsive pleading by Electrolux's counsel, and this memorandum order is issued sua sponte because of some problematic aspects of that pleading.

For one thing, Electrolux's frequent use of the disclaimer permitted by Fed. R. Civ. P. ("Rule") 8(b)(5) (see Answer ¶¶ 1-3, 6-12, 14, 18 and 25) is invariably accompanied by the phrase "and, therefore, denies the same." But it is of course oxymoronic for a party to assert

(presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

Next, Answer ¶¶ 19 and 26 mistakenly fail to answer American Family's corresponding allegations on the ground that they "state[ ] a legal conclusion to which no response is required." In that respect see App'x ¶ 2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Rule 8(b)(1)(B) requires an answer, and Electrolux must provide one.

Relatedly, Answer ¶¶ 21 and 47 fail to apprise American Family's counsel and this Court of Electrolux's version of its "duties imposed by law," which it asserts that American Family has stated incorrectly. If federal pleading is to serve its proper function, defendants' counsel as well as plaintiffs' lawyers ought to adhere to the principles of notice pleading.

Finally, Electrolux's ADs certainly need reworking. Here are problems that this Court has noted:

> 1. ADs 1 through 3 improperly assert, as purported facts, matters that Electrolux assuredly does not <u>know</u> -- faults ascribed to every one of American Family's insureds. Such assertions can scarcely be advanced in the subjective and objective good faith demanded by Rule 11(b).
>
> 2. In somewhat like manner, Electrolux's AD 4 charges American Family with a failure to mitigate its damages -- more specifically, by overpaying its insureds in excess of the amounts properly payable under their respective insurance policies. Although that assertion is hedged by being stated "[u]pon information and belief,"

both American Family and this Court are entitled to some explanation of the claimed information on which Electrolux relies.

3. AD 10 is totally uninformative -- it asserts that American Family was somehow a volunteer, paying its insured when its policy barred such payment. Again such an ipse dixit is inappropriate -- if that is the case, Electrolux must flesh out that AD with an explanation of why that is so.

4. When Electrolux's delivered copies omitted a copy of page 17 of its 18-page response, an attempted resort to obtain the missing page through a printout from the docket revealed that the filed and docketed original also lacked the same page. Accordingly this Court can do nothing other than to strike all of the remaining ADs without prejudice, with Electrolux's counsel ordered to comply with the principles exemplified by the preceding three paragraphs and other principles implicit in Rule 8(c) and its interpretive caselaw (see also App'x ¶ 5 to State Farm) in any ADs that they can properly reassert.

If the first error described in this memorandum order had been the only flaw in Electrolux's responsive pleading, that could have been corrected by simply striking the inappropriate phrase and leaving the rest of the pleading intact. But because that is not at all the case, this Court will (in addition to such corrective action) strike the other paragraphs of the Answer referred to here as well as all of the ADs, but with leave granted to file on or before March 18, 2013 a fully self-contained Amended Answer that contains corrected versions of the offending paragraphs together with any properly advanced ADs.

No charge may be made to Electrolux by its counsel for the added work and expense incurred in correcting counsel's errors. Electrolux's counsel are ordered to apprise their client to that effect by letter, with a copy of that letter to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: February 26, 2013